IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOHNNY MONISTERE                                                               PLAINTIFF

v.                                    CIVIL NO. 06-3045

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Johnny Monistere brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

Plaintiff protectively filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) on July 24, 2003, alleging an inability to work since May 10, 2001, due to depression; panic attacks; headaches; dizziness; pain in the back, hips, legs, and feet; a right knee injury; swelling in his right testicle, and right-sided stomach pain. (Tr. 58-61, 377-380). Plaintiff's applications were denied initially and on reconsideration. (Tr. 43-45, 382-384). Pursuant

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

to plaintiff's request (Tr. 46), a hearing *de novo* before an ALJ was held on October 14, 2005, at which plaintiff, represented by counsel, and plaintiff's ex-wife appeared and testified. (Tr. 386-417).

After considering all of the evidence of record, the ALJ rendered a decision on April 13, 2006, finding that plaintiff was not disabled within the meaning of the Act .(Tr. 11-21). At the time of the ALJ's decision, plaintiff was twenty-eight years old with a seventh grade education and past relevant work experience as a truss assembler and automobile service station attendant. (Tr. 76, 163, 392-395). The ALJ determined that plaintiff had the residual functional capacity (RFC) to lift and/or carry fifty pounds occasionally and twenty-five pounds frequently, sit for six hours, and stand/walk for six hours. Additionally, the ALJ determined that plaintiff could only perform work in which he can understand, remember, and carry out simple instructions, but would have difficulty with detailed instructions. Further, plaintiff can only perform work where interpersonal contact is only incidental to the work performed, where complexity of tasks is learned and performed by rote with few variables and little judgment required and where the supervision is simple, direct, and concrete. (Tr. 16-17). The ALJ determined, based on the vocational expert's responses to the interrogatories and plaintiff's RFC, that plaintiff could perform a significant number of jobs in the national economy such as a woodworking machine operator, hand packager, and a warehouse worker. (Tr. 20-21, 164).

Plaintiff appealed the decision of the ALJ to the Appeals Council. After reviewing the additional evidence submitted by plaintiff, the Appeals Council denied plaintiff's request for review on June 8, 2006. (Tr.3-5). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1).

Both parties were afforded the opportunity to file appeal briefs; however, only defendant chose to do so. (Doc. # 8). This case is before the undersigned pursuant to the consent of the parties.

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion**:

Of particular concern to the undersigned is the ALJ's failure to properly consider plaintiff's mental impairments. The evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment. *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996). Evidence of symptom-free periods, which may negate the finding of a physical disability, do not compel a finding that disability based on a mental disorder has ceased. *Id*. Mental illness can be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the impending possibility of relapse." *Id.* Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate. *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999). This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their ability to

perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy,* 683 F.2d at 1147.

With regard to plaintiff's alleged mental impairments, the pertinent medical evidence in this case reflects plaintiff has sought treatment, including inpatient treatment, for major depression, anger, agoraphobia, anxiety and panic attacks throughout the relevant time period. The records indicate that from June of 2002 through November of 2003, plaintiff's global assessment of functioning scores (GAF) ranged from 28 to 50.

According to the Diagnostic and Statistical Manual of Mental Disorders, a GAF of fifty indicates the presence of "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or a serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Id.* However, the ALJ has failed to address or consider the GAF's assessed by the various examining psychologists/psychiatrists. Because the medical records report plaintiff's continued anger, panic attacks, agoraphobia, and inpatient treatment in November of 2003, we believe that the case should be remanded to allow the ALJ to further consider this evidence, and seek clarification regarding plaintiff's mental capabilities. In so doing, the ALJ should request an explanation of plaintiff's GAF score from the examining psychologists/psychiatrists.

Further, the ALJ makes note of a Mental Residual Functional Capacity Questionnaire dated February 25, 2004, completed by Dr. John F. Walters, plaintiff's treating psychologist, opining that plaintiff had a limited but satisfactory ability to: remember work-like procedures; understand and remember very short and simple instructions; carry out very short and simple instructions; maintain attention for two hour segment; sustain an ordinary routine without special supervision; make simple work-related decisions; perform at a consistent pace without an unreasonable number and length of

rest periods; ask simple questions or request assistance; accept instructions and respond appropriately to criticism from supervisors; respond appropriately to changes in a routine work setting; be aware of normal hazards and take appropriate precautions; understand and remember detailed instructions; carry out detailed instructions; set realistic goals or make plans independently of others; maintain socially appropriate behavior; adhere to basic standards of neatness and cleanliness; travel in unfamiliar places; and use public transportation. Dr. Walters opined plaintiff was seriously limited but not precluded in his ability to: maintain regular attendance and be punctual within customary, usually strict tolerances; to work in coordination with or proximity to others without being unduly distracted; to complete a normal workday and workweek without interruptions from psychologically based symptoms; to get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; to deal with normal work stress; to deal with stress of semiskilled and skilled work; and to interact appropriately with the general public. Dr. Walters opined plaintiff would miss more than four days per month. Dr. Walters opined plaintiff was a malingerer but that plaintiff's impairments were reasonably consistent with the symptoms and functional limitations described in the evaluation. (Tr. 293). The ALJ states that his RFC finding is in line with Dr. Walters opinion; however, he failed to address the opinion that plaintiff would miss work up to four times a month and to detail what limitations plaintiff had when he proffered the hypothetical questions to the vocational expert. (Tr. 164). We note the hypothetical questions included the summary finding made by the non-examining medical consultant.

      After obtaining the information regarding the GAF scores and mental functioning, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence. We further

recommend that the ALJ address Dr. Walters opinion as it appears the limitations set forth by Dr. Walters are more restrictive than that determined by the ALJ, despite the ALJ's statement that his findings were consistent with the opinion of Dr. Walters. (Tr. 19).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of June 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE