IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOHNNY MONISTERE                                                                            PLAINTIFF

v.                                              CIVIL NO. 06-3045

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                              DEFENDANT

## O R D E R

Plaintiff, Johnny Monistere, appealed the Commissioner's denial of benefits to this court. On June 26, 2007, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 10). Plaintiff now moves for an award of $6,064.02 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 43 attorney hours work before the court at an hourly rate of $140.00 per hour and associated costs totaling $44.02. (Doc. # 12-6). The defendant has filed a response objecting to the total number of hours claimed by counsel and counsel's attempt to recover fees for work that is not compensable under the applicable case law and statutes. (Doc. # 13).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party. After reviewing the record, we find plaintiff is the prevailing party in this matter.

**§ 406 Fees:**

Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). We find this request is premature, in that there has been no submission of evidence indicating plaintiff has been successful upon remand and has been awarded benefits from which an appropriate fee may be paid. The fee awarded an attorney under 42 U.S.C. § 406 is paid out of any past-due benefits to which the claimant is entitled. See 42 U.S.C. § 406(a), (b); 20 C.F.R. § 404.1720(b)(4).

**EAJA Fees:**

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the

prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991), quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

3

the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff requests attorney's fees under the EAJA at a rate of $140.00 an hour. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index and presented evidence of an increase in the cost of living. Accordingly, we find that counsel is entitled to an award of $140.00 per hour.

We next address the number of hours plaintiff's counsel claims he spent working on this case. Counsel seeks reimbursement for a total of 3.50 hours of attorney work performed between June 12, 2006, and July 12, 2006. The Complaint was not filed in this court until July 13, 2006. (Doc. # 1). We note that time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). However, some of the time submitted on the above referenced dates was clearly in preparation for the filing of the

AO72A
(Rev. 8/82)

Complaint with this court. Therefore, we will allow .75 hour and deduct 2.75 hours from counsel's total number of compensable hours.

Plaintiff's counsel also seeks compensation for .25 hour for reviewing the order granting IFP status, .25 hour for reviewing the file stamped copy of the complaint, .50 hour for receiving and reviewing the order of reference, .50 hour for reviewing the defendant's answer, .25 for reviewing the scheduling order, .50 hour for reviewing the order of the appeals council remanding the case to the ALJ, and 2.00 hours for preparing his EAJA petition. This court concludes that it should not have taken an attorney experienced in handling social security cases this amount of time to perform these tasks. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Accordingly the court will deduct 2.00 hours.

In addition, counsel requests reimbursement for .75 hour for perfecting service of the complaint. However, this time cannot be compensated under the EAJA. *See Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Therefore, we will deduct .75 hour.

Further, counsel claims a total of 29.00 hours for reviewing medical records, consulting with the plaintiff concerning these medical records, completing SS forms, and preparing affidavits related to a second application for benefits. As previously noted, however, time spent at the administrative level is not compensable under EAJA. *See Cornella*, 728 F.2d at 988-89. Accordingly, we must deduct 29.00 hours from the total hours of compensation sought by counsel.

5

Finally, counsel seeks reimbursement for $44.02 in expenses incurred with regard to the postage and copies. Such expenses are recoverable under the EAJA and we find $44.02 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 8.50 (43-34.50) hours for attorney's fees, at the rate of $140.00 per hour and $44.02 for associated expenses for a total attorney's fee award of $1,234.02. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this <u>28th</u> day of September 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)